## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF NEW ENGLAND<br><br>*Plaintiff,*<br><br>-v-<br><br>DAVID A. BRAMBLE, INC.<br><br>*Defendant.* | Civ. No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Selective Insurance Company of New England ("Selective"), by and through its attorneys Weber Gallagher Simpson Stapleton Fires & Newby, LLP, by way of complaint avers as follows:

### Introduction

1.      This is an action for declaratory judgment in which Selective seeks a declaration that it has no duty to defend or indemnify David A. Bramble, Inc. ("Bramble") for claims asserted in a lawsuit brought against Bramble currently pending in the United States District Court of the District of Delaware.

### Parties, Jurisdiction, Venue

2.      Selective Insurance Company of New England ("Selective") is an insurance company organized under the law of the State of New Jersey with a principal place of business located at 40 Wantage Avenue, Branchville, New Jersey.

3.      David A. Bramble, Inc. ("Bramble") is a corporation organized under the law of the State of Maryland with a principal place of business located at 705 Morgnec Road, Chestertown, Maryland.

4.      This court has jurisdiction to hear this case pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5.      This Court has jurisdiction to enter the declaration sought herein pursuant to 28 U.S.C. §2201 et. seq.

6.      Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district.

### Factual Background

7.      Town of Georgetown is a municipality located in Sussex County, Delaware.

8.      Bramble is a construction contractor.

9.      In July, 2012 Bramble contracted with Georgetown to build a spray irrigation system ("System") known as the "Pettyjohn Woods Spray Project." ("the Project").

10.      In August, 2012 Lee Rain, Inc. ("Lee Rain") entered into a subcontract with Bramble pursuant to which Lee Rain agreed to furnish and install the System ("the Subcontract").

11.      Lee Rain performed its work under the Subcontract during the period January 2013 through mid-February 2013.

12.      The System was completed on June 7, 2013 and put into service.

13.      In 2014 Georgetown allegedly discovered defects in the System.

14.    On June 29, 2015 Georgetown sued Bramble and Bramble's surety, Liberty Insurance Company, in the Superior Court of Delaware for breach of contract and breach of warranty alleging that the System was improperly designed and built. ("the Lawsuit").

15.    The Lawsuit was removed to the United States District Court for the District of Delaware where it is docketed at C.A. No. 15- 0554-SLR.

16.    Bramble joined Lee Rain as an additional defendant to the Lawsuit in August, 2015.

17.    Selective insured Lee Rain under insurance policy number S 2089569, policy period December 31, 2014 to December 31, 2015 ("the Policy").

18.    In April 2015 Bramble tendered its defense and indemnity in the Lawsuit to Selective as an additional insured under the Selective Policy.

19.    Selective denied Bramble's request that Selective defend and indemnify Bramble in the lawsuit.

20.    An actual and present controversy exists between Selective and Bramble with respect to Bramble's claim that Selective has a duty to defend and indemnify Bramble in the Lawsuit.

## COUNT I- DECLARATORY JUDGMENT

21.    Selective incorporates the preceding paragraphs of this complaint as if set forth at length herein.

22.    The Policy covers those sums an insured becomes legally obligated to pay as damages for, in pertinent part, "property damage" to which the insurance applies.

23.    The insurance applies to "property damage" which is caused by an "occurrence" and takes place during the policy period.

24.    The Policy excludes coverage for "property damage" to Lee Rain's work included in the "products-completed operations hazard".

25.    The "products-completed operations hazard" includes damage that occurs after Lee Rain's work is completed and/or put to its intended use.

26.    The Policy names as an additional insured any person or organization that Lee Rain agreed to name as an additional insured in a written contract.

27.    Coverage provided to an additional insured under the Policy is limited to claims for damage that occurs while Lee Rain is performing its work.  An additional insured is not covered for damage that occurs after Lee Rain's work has been completed and/or put to its intended use.

28.    The Lawsuit does not seek damages against Bramble for "property damage" caused by an "occurrence."

29.    Even if the Lawsuit sought damages against Bramble for "property damage" caused by an "occurrence"- which is denied – the purported "property damage" was to Lee Rain's work and occurred after Lee Rain's work was completed and put to its intended use and is thus excluded from coverage under the Policy.

30.    Even if the Lawsuit sought damages against Bramble for "property damage" caused by an "occurrence"- which is denied – the purported "property damage" occurred after Lee Rain's work was completed and put to its intended use and  as an additional insured under the Policy Bramble is not covered for such damage.

31.    Selective has a duty to defend and indemnify insureds for claims covered under the Policy, but has no duty to defend or indemnify insureds for claims that are not covered under the Policy.

32.    The claims asserted against Bramble in the Lawsuit are not covered under the Policy and/or are excluded from coverage.

33.    Selective had no duty to defend or indemnify Bramble against the claims asserted in the Lawsuit.

**WHEREFORE**, Selective Insurance Company of New England respectfully requests that the Court enter an order declaring that:

(a)    Selective Insurance Company of New England has no duty under insurance policy number S 2089569 to defend David A. Bramble, Inc. in the matter captioned *Town of Georgetown v. David A. Bramble, Inc. et. al.,* United States District Court for the District of Delaware, C.A. No.: 15-554-SLR;

(b)    Selective Insurance Company of New England has no duty under insurance policy number S 2089569 to reimburse David A. Bramble, Inc. for attorneys' fees and costs incurred in defending the matter captioned *Town of Georgetown v. David A. Bramble, Inc. et. al.,* United States District Court for the District of Delaware, C.A. No.: 15-554-SLR;

(c)    Selective Insurance Company of New England has no duty under insurance policy number S 2089569 to indemnify David A. Bramble, Inc. in the matter captioned *Town of Georgetown v. David A. Bramble, Inc. et. al.,* United States District Court for the District of Delaware, C.A. No.: 15-554-SLR; and

(d)    Granting such other relief as the Court deems appropriate.

## COUNT II- DECLARATORY JUDGMENT –COLLATERAL ESTOPPEL

34.     Selective incorporates the preceding paragraphs of this complaint as if set forth at length herein.

35.     At all times relevant Bramble was insured by Old Republic General Insurance Corporation ("Old Republic").

36.     Upon information and belief Bramble tendered its defense and indemnity in the Lawsuit to Old Republic.

37.     Upon information and belief Old Republic denied any obligation to defend or indemnify Bramble in the Lawsuit.

38.     In 2016 Bramble sued Old Republic for coverage under the Old Republic policy in an action captioned *David A. Bramble, Inc. v. Old Republic General Insurance Corporation*, Superior Court of Delaware, C.A. No.: S16C-06-025 ESB ("the Old Republic Suit").

39.     On or about January 20, 2017 the Honorable E. Scott Bradley, Superior Court of the State of Delaware, entered a decision and order in the Old Republic Suit denying Bramble's motion for summary judgment on the duty to defend and granting Old Republic's motion for summary judgment dismissing Bramble's complaint. ("the Decision and Order").

40.     In the Decision and Order Judge Bradley determined that the complaint in the Lawsuit did not assert a claim for "property damage" and therefore the Old Republic Policy did not cover the claims.

41.     Upon information and belief, the terms of the insurance policy issued by Old Republic are substantively similar to those of the insurance policy Selective issued to Lee Rain.

42.     The collateral estoppel doctrine provides that where a question of fact essential to a judgment is litigated and determined by a valid and final judgment, a party to that litigation is precluded from re-litigating the issue in a subsequent proceeding.

43.     Pursuant to the doctrine of collateral estoppel Bramble is precluded from disputing that the complaint in the Lawsuit fails to assert a claim for "property damage"

**WHEREFORE**, Selective Insurance Company of New England respectfully requests that the Court enter an order declaring that:

(a)     Selective Insurance Company of New England has no duty under insurance policy number S 2089569 to defend David A. Bramble, Inc. in the matter captioned *Town of Georgetown v. David A. Bramble, Inc. et. al.,* United States District Court for the District of Delaware, C.A. No.: 15-554-SLR;

(b)     Selective Insurance Company of New England has no duty under insurance policy number S 2089569 to reimburse David A. Bramble, Inc. for attorneys' fees and costs incurred in defending the matter captioned *Town of Georgetown v. David A. Bramble, Inc. et. al.,* United States District Court for the District of Delaware, C.A. No.: 15-554-SLR;

(c)     Selective Insurance Company of New England has no duty under insurance policy number S 2089569 to indemnify David A. Bramble, Inc. in the matter captioned *Town of Georgetown v. David A. Bramble, Inc. et. al.,* United States District Court for the District of Delaware, C.A. No.: 15-554-SLR; and

(d)     Granting such other relief as the Court deems appropriate

*WEBER GALLAGHER SIMPSON*
*STAPLETON FIRES & NEWBY, LLP*

BY:  /s/Mary E. Sherlock
Mary E. Sherlock, Esquire, ID #: 2228
19 S. State Street, Suite 100
Dover, DE 19901
302-346-6377
*Attorneys for Plaintiff*

*WEBER GALLAGHER SIMPSON*
*STAPLETON FIRES & NEWBY, LLP*

BY:  /s/Kenneth M. Portner
Kenneth M. Portner, Esquire
2000 Market Street, Suite 1300
Philadelphia, PA 19103
215-972-7921
*Attorneys for Plaintiff*
*(admission pro hac vice pending)*

Dated: 4-19-17